*In re* BOULANGER.

INSANE PERSONS—SEX OFFENDERS—HOSPITALIZATION AFTER EXPIRATION OF SENTENCE.

   Accused who pleaded guilty to charge of gross indecency and was sentenced for six months to a year in a penal institution and then ordered transferred to a State hospital until adjudged he was no longer a menace to public safety *held,* entitled to discharge from custody at expiration of minimum sentence in absence of statutory authority for hospitalization of sane persons determined to be sex violators who were a menace to public society and public safety (Act No. 328, § 338, Pub. Acts 1931; Act No. 175, Pub. Acts 1927, as amended by Act No. 88, Pub. Acts 1935, and Act No. 196, Pub. Acts 1937).

Habeas corpus proceedings by Edward Boulanger with accompanying certiorari to George Murphy and Donald Van Zile, Judges of the Recorder's Court for the City of Detroit, to inquire into his

detention at Ionia State Hospital. Submitted August 28, 1940. (Calendar No. 41,220.) Writ granted and petitioner ordered discharged October 7, 1940.

*Edward S. Maguire,* for petitioner.

*Thomas Read,* Attorney General, *Duncan C. Mc-Crea,* Prosecuting Attorney, *William L. Brunner* and *John D. O'Connell,* Assistant Prosecuting Attorneys, for the people.

NORTH, J. This is a habeas corpus proceeding touching the confinement of the petitioner, Edward Boulanger, in the Ionia State hospital. An ancillary writ of certiorari was issued to the judge by whom petitioner was committed.

On June 17, 1937, petitioner pleaded guilty in the recorder's court of Detroit to a charge of gross indecency. Passing of sentence was deferred and, on oral request of defendant's counsel, a sanity commission was appointed by the trial judge. See Act No. 88, Pub. Acts 1935, as amended by Act No. 196, Pub. Acts 1937 (Stat. Ann. § 28.1073 *et seq.*). * After making an investigation, including an examination of petitioner, the three members of the commission on July 7, 1937, testified at a session of court and a written finding made by the members of the commission was received in evidence. The commission did not find petitioner an insane person; but it did find him to be "psychopathic or a sex degenerate or sex pervert and dangerous to public safety." No objection was made by defendant's attorney who was present at this session of court and had an op-

* Act No. 196, §§ 1a, 1b, Pub. Acts 1937, repealed by Act No. 199, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 17329-1, 17329-2, Stat. Ann. 1940 Cum. Supp. §§ 28.1073, 28.1073[1]).—REPORTER.

portunity to cross-examine the witnesses. The trial court thereupon stated:

"I find the defendant psychopathic and his tendencies are a menace to public society and a menace to public safety, and send you to the Detroit house of correction (colloquy between court and counsel). I sentence you to six months to one year in the Detroit house of correction. After the expiration of the minimum term to be transferred to Ionia State hospital at Ionia to remain in such State hospital until this court shall adjudge you cease to be a menace to public safety."

Nothing appears in this record which in any way impairs the regularity of petitioner's conviction on the charge of gross indecency. The maximum penalty provided by statute is "imprisonment in the State prison for not more than five years or by a fine of not more than two thousand five hundred dollars." Act No. 328, § 338, Pub. Acts 1931 (Stat. Ann. § 28.570). *

In the formal record of sentence and the disposition of the case the trial judge included the following:

"And the court recommends and orders that upon the expiration of said prison term, or upon discharge from prison through the exercise of executive clemency or through the operation of any law relating to pardons and paroles, that said defendant shall be removed and committed to the Ionia State hospital at Ionia, Michigan, or such other institution as may be provided by the State of Michigan for the care and custody of the class of persons designated in Act No. 88, chap. 9, § 1a, Pub. Acts 1935, between the date of this sentence and the date of discharge; said defendant to remain in such State

* Amended by Act No. 148, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17115-338b, Stat. Ann. 1940 Cum. Supp. § 28.570[2]). —Reporter.

hospital until he shall, upon hearing given, be adjudged no longer a menace to the public safety because of such mental condition with which he is afflicted.''

The substance of the above quotation was embodied in the mittimus under which petitioner was committed to the Detroit house of correction. Substantially upon the expiration of his minimum sentence, December 16, 1937, petitioner was paroled under the following order of the parole board:

"It having been made to appear to the Michigan parole board that Edward Boulanger, Reg. No. 6,315, an inmate of the Detroit house of correction, is eligible to be paroled; and that said board, after deliberate consideration of all the facts and circumstances, including the inmate's mental and social attitudes, is reasonably assured that the release of this inmate will not be incompatible with the welfare of society nor will said inmate be a menace to society, nor the public safety if paroled; and that the inmate will have satisfactory employment or care.

"Therefore, it is ordered by the said Michigan parole board that the said inmate be paroled from the said prison on December 16, 1937, into the custody of the superintendent under the conditions below set forth, or until other action is taken according to the authority vested in said parole board or the bureau of pardons and paroles."

On the same date petitioner was paroled the trial court issued an *ex parte* order as follows:

"The above-named defendant having heretofore been committed to the Detroit house of correction for a period of not less than six months nor more than one year, and at the expiration of sentence to be transferred to the Ionia State hospital, at Ionia, until cured and until further order of the court, it is thereupon ordered by the court that the said superintendent of the Detroit house of correction be and

he is hereby directed therewith to return through the sheriff of Wayne county to the superintendent of the Michigan State hospital at Ionia, the above-named defendant, Edward Boulanger, upon delivery of (to) him of a certified copy of this order, so that defendant may from this day thereto remain until he is cured or otherwise discharged by the court, in accordance with Act No. 88, Pub. Acts 1935, as amended.''

In accordance with the foregoing order of the court petitioner was committed to the Ionia State hospital December 18, 1937, and he is still detained and confined therein. Petitioner, asserting that his commitment and detention were and are without authority in law, instituted this habeas corpus proceeding.

The merits of petitioner's application for writ of habeas corpus are controlled by the following. At the time the trial judge committed petitioner to the Ionia State hospital upon a determination that petitioner was ''psychopathic'' and ''a menace to public society and a menace to public safety'' there was no statutory authority in this State for committing a sane person who was determined to be in that condition or of that type. In *People* v. *Frontczak,* 286 Mich. 51, we recently held:

''Hospitalization, with curative treatment and measures, may be desirable but, until the law makes a sane person amenable to compulsory restraint as a sex deviator, it falls short of due process in merely providing procedure.''

It must be held that petitioner's commitment was without warrant in law. He is entitled to be discharged. It is so ordered.

BUSHNELL, C. J., and SHARPE, CHANDLER, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.